IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ROBERT CALVIN ABNEY, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|     v. | ) CIVIL ACTION NO.: 3:15-CV-444-WKW |
| | )                   [WO] |
| MAJOR CLAY STEWART, | ) |
| | ) |
|     Respondent. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a petition for habeas corpus relief filed by Petitioner, an inmate incarcerated at the Chambers County Jail, in LaFayette, Alabama. In this petition, Petitioner challenges the legality of his pretrial detention on charges of unlawful manufacture of a controlled substance in violation of Ala. Code §13A-12-218, trafficking in methamphetamine in violation of Ala. Code §13A-12-231, and unlawful possession of methamphetamine in violation of Ala. Code §13A-12-212, claiming that the trial court failed to set an initial hearing and a bond amount. *Doc. No. 1*.

In a supplemental answer filed on October 20, 2015, Respondent argues that Petitioner has not exhausted state remedies regarding his claims. Specifically, Respondent maintains that Petitioner may present the claims raised in the instant proceeding in a petition for habeas corpus relief filed in the state courts. Although Petitioner previously filed a state habeas petition seeking relief on the same issues presented herein, the Alabama Court of Criminal Appeals did not rule on the merits of Petitioner's claims but dismissed Petitioner's state habeas petition because he failed to comply with the state procedural rule requiring that a copy of his state petition be served on Respondent and that he provide proof of such service. *Doc. No. 16, Exh. S-1*.

Consequently, Petitioner may still pursue the claims in the instant application for habeas relief in the state courts. *Doc. No. 16, Exh. S-1*. Accordingly, the court entered an order affording Petitioner an opportunity to show cause why this habeas petition should not be dismissed for his failure to exhaust remedies available to him in the state courts. *Doc. No. 17*. Petitioner has filed no response.

## I. DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, ... the requirements of § 2254 – including exhaustion of state remedies – apply to" Petitioner as he challenges the validity of state court actions which resulted in his confinement and remain a potential basis for his confinement until resolution of the criminal charges pending against him in the state courts of Chambers County, Alabama. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)]. For that reason, even though [Petitioner] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement" because the custody he seeks to challenge arises from the orders of a state court. *Dill*, 371 F.3d at 1302-1303.

The law directs that this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State ..." 28 U.S.C. § 2254(1)(b)(1)(A). State remedies are ordinarily not considered exhausted if a petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489 (1973).

2

Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).

Upon review of the pleadings filed, Petitioner has not affirmatively demonstrated that he has exhausted his available state court remedies regarding each of the claims in the instant petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of Petitioner's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the court concludes that the petition for habeas corpus relief should be dismissed without prejudice so Petitioner can pursue his available state court remedies.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be DENIED and that the petition be DISMISSED without prejudice to afford Petitioner an opportunity to exhaust all available state court remedies.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties. The parties may file any objections to this Recommendation **on or before February 26, 2016**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except

upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, this 12th day of February, 2016.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE